UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDIE RALPH ARTIS, JR., | : |
| Petitioner, | : Civ. No. 18-14220 (NLH) |
| v. | : OPINION |
| DAVID ORTIZ, | : |
| Respondent. | : |

APPEARANCES:
Eddie Ralph Artis, Jr., No. 81093-083
FCI – Ft. Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

John Andrew Ruymann, Esq.
Mark E. Coyne, Esq.
Office of the U.S. Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Eddie Ralph Artis, Jr., a prisoner presently confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the validity of his sentence. ECF No. 1. Respondent filed an Answer to the Petition in which he argues that the Petition should be dismissed for lack of jurisdiction. ECF No. 7. Petitioner filed a reply to the Answer, ECF No. 10, and the Petition is now

ripe for disposition.  For the reasons that follow, the Court will dismiss the Petition for lack of jurisdiction.

I.  BACKGROUND

In March 2012, Petitioner pled guilty in the U.S. District Court for the Eastern District of Virginia to a superseding one-count information charging him with conspiring to distribute more than twenty-eight (28) grams of crack cocaine, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B) and in violation of 21 U.S.C. § 860.  No. 3:12-cr-174, ECF Nos. 15 (information), 16 (minute entry for change of plea hearing before magistrate judge), 19 (plea agreement), 24 (order finding Petitioner guilty) (E.D. Va.).  That offense carried a statutory range of five to forty years' imprisonment.  ECF No. 19 at 1 (plea agreement).  In exchange for his agreement to enter that plea, the Government agreed to drop certain counts in the indictment charging him with possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) and conspiring to distribute more than 280 grams of crack cocaine in violation of 21 U.S.C. § 860.  See id. at 5.  If convicted of those two charges, Petitioner would have faced a mandatory minimum term of imprisonment of fifteen years and a maximum term of imprisonment of life plus life.  No. 18-cv-14220, ECF NO. 7 at 1 (D.N.J.).

As part of his plea agreement, Petitioner waived his right not to appeal his conviction or any sentence within the

statutory range.  No. 3:12-cr-174, ECF No. 19 at 3-4 (E.D. Va.). The plea agreement did not contain a collateral attack waiver. See generally id.

In June 2013, the Eastern District of Virginia sentenced Petitioner to 156 months' imprisonment.  Id., ECF No. 33 (judgment of conviction).  Petitioner did not file an appeal. He did, however, later file a motion pursuant to 28 U.S.C. § 2255 to collaterally attack his conviction and sentence, on the grounds that his attorney should have moved to suppress certain evidence and should have negotiated a better plea bargain.  Id., ECF No. 36.  The court dismissed the § 2255 motion as untimely. Id., ECF Nos. 49 (opinion), 50 (order).  In a separate order, the court reduced Petitioner's sentence to 125 months' imprisonment under 18 U.S.C. § 3582(c)(2) in light of a retroactive amendment to the drug quantity table in U.S.S.G. § 2D1.1.  ECF No. 46 (memorandum order).

In June 2018, Petitioner sought leave from the Court of Appeals for the Fourth Circuit to file a second § 2255 motion arguing that he deserved a chance to litigate whether his trial counsel was ineffective for not objecting to enhancements under U.S.S.G. § 2D1.1(b)(1) and (b)(12), not challenging certain criminal history points, and not negotiating a guilty plea to a more favorable statutory range.  No. 18-cv-14220, ECF No. 7 (D.N.J.).  According to Petitioner, a "fundamental miscarriage

of justice" had occurred "as a result of an ineligible application of the guidelines for enhancement purposes." Id. The Fourth Circuit denied his application on July 11, 2018, without requiring any response from the government. No. 3:12-cr-174, ECF No. 53 (E.D. Va.).

On September 20, 2018, Petitioner filed the instant § 2241 Petition. No. 18-cv-14220, ECF No. 1 (D.N.J.). In his brief supporting the Petition, Petitioner argues that his initial sentence resulted from an incorrect advisory Guidelines range and that his counsel was ineffective for not objecting to that range or for not appealing the resulting sentence. ECF No. 1-2 at 3-7. He also asserts that he would have prevailed in a direct appeal had the plain error standard of review been applied in accordance with Molina-Martinez v. United States, 136 S. Ct. 1338 (2016), and Rosales-Mirales v. United States, 138 S. Ct. 1897 (2018). ECF No. 1-2 at 4-5, 7-8.

II. DISCUSSION

A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

4

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

B. Analysis

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

5

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner

6

demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence – that his advisory range should have been lower – and his counsel's performance regarding the sentence, not the crimes for which he pled guilty and was convicted. Such challenges are not within the Dorsainvil exception and cannot be raised in a § 2241 petition. See Murray v. Warden Fairton FCI, 710 F. App'x 518, 520 (3d Cir. 2018) (noting that the Third Circuit has "not held that innocence-of-the sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions"); Thomas v. Warden Fort Dix FCI, 712 F. App'x 126, 127–28 (3d Cir. 2017) (rejecting Mathis challenge to Career Offender designation, noting that petition had failed to identify any argument that he could not have raised in his initial § 2255 motion); Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014)

("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241"); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241"); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012); Wyatt v. Warden FCI Fort Dix, No. 17-cv-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement); Newman v. Kirby, No. 17-cv-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); Coleman v. Kirby, No. 17-cv-4647, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same); See also Hazel v. Smith, 142 F. App'x 131, 132 (3d Cir. 2005) ("[C]laims of ineffective assistance of counsel . . . place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent him from availing himself of it."); Hamilton v. United States, No. 15-cv-6291, 2015 WL 5248581, at *3 (D.N.J. Sept. 9, 2015); Sedlak v. United States, No. 12-0285, 2012 WL 832984, at *3 (M.D. Pa. Feb. 14, 2012) ("[C]ases construing Dorsainvil, and interpreting the interplay between the relief provided to federal prisoners under

8

§ 2255, and the remedy conferred by the writ of habeas corpus under § 2241, agree that 'Section 2241 is not available for [a federal prisoner's] ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an 'inadequate or ineffective remedy.' ") (quoting Piggee v. Bledsoe, 412 F. App'x 443, 446 (3d Cir. 2011)). Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's sentence under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). This Court's decision not to transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

III. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction.  An appropriate order will be entered.


Dated: February 6, 2019                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.